CHARLES STANFORD, AS ASSIGNEE, ETC., APPELLANT, v. WILLISTON B. LOCKWOOD AND OTHERS, RESPONDENTS.

*Claims against the United States — may be transferred to an assignee for the benefit of creditors — 10 U. S. Stat. at Large, 170, § 1 — U. S. Rev. Stat., § 3477.*

Section 1 of the act of congress of 1853 (10 U. S. Stat. at Large, 170), prohibiting the transfer or assignment of any claim against the United States, or any share thereof or interest therein, whether absolute or conditional, before the allowance of such claim, or the ascertainment of its amount and the issuing of a warrant for its payment, and declaring every assignment in contravention of such restraint absolutely null and void, does not prevent the assignment to an assignee for the benefit of creditors, under the laws of New York, of a claim made by the assignors against the United States to recover income taxes paid under protest, which claim is, after the making of the assignment, decided upon and allowed in favor of the assignors.

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

*L. A. Gould*, for the appellant.

*George Douglass*, for the respondent Lockwood.

*William H. Scott*, for the respondents Dominick and Dickerman.

DANIELS, J. :

The plaintiff is the assignee for the benefit of creditors of the firm of Lockwood & Co., under a general assignment made under the laws of the State of New York, in April, 1873. At the time when this assignment was executed the firm had a claim against the government of the United States amounting to a large sum of money for the return of income taxes paid to it under protest. After the delivery of the assignment, this claim was allowed in favor of the firm, and on the 19th day of October, 1875, a draft for its payment was drawn by the proper authorities upon the assistant treasurer of the United States. At that time there was due on account of the claim the sum of $11,696.33, and the draft drawn and delivered for its payment was made payable to the order of Lockwood & Co.

This draft was indorsed with the firm name by the defendant Lockwood, and payment was received upon it by the other defendants in the action who had knowledge of the firm's insolvency, and of the assignment made to the plaintiff, but notwithstanding that they paid the money over to the defendant Lockwood.

The object of this action was the recovery of this sum of money from these individuals; but the referee, before whom the trial was had, concluded that it could not be permitted and directed a dismissal of the plaintiff's complaint.

This direction was deemed to be required by the provisions of the act of Congress, enacted in 1853, prohibiting the transfer or assignment of any claim against the United States, or any share thereof or interest therein, whether absolute or conditional, before the allowance of such claim, or the ascertainment of its amount and the issuing of a warrant for its payment, and declaring every assignment in contravention of this restraint absolutely null and void. (U. S. Stats. at Large [vol. 10], 170, chap. 81, § 1.)  This prohibition continued in force until the revision of the United States statutes, and it was then incorporated therein as one of its sections.  (U. S. R. S., § 3477.)

While it was made exceedingly broad and comprehensive, it has still been held not to include such assignments or transfers as are made by operation of law, and for that reason that it did not include the transmission of claims to heirs, devisees, or assignees in bankruptcy.  (*Erwin* v. *United States*, 97 U. S., 392.)  And the reason for the exceptions so made would seem to require that the construction placed upon the terms of the act should also allow them to be so far extended, as to except a transfer made by an instrument of the character of that in controversy in this case, for its object was not merely a change of title to the claim, but it was to place the debtors' estate in such a condition as to be available to their creditors and applicable to the payment of their debts.  If the creditors had prosecuted their debtors in the forms allowed to be adopted to reach their claims and equitable interests, and the same result had been secured, it is very clear that the statute would not invalidate the transfer procured in that manner.  And the same reason which would except such a result from its operation would seem equally to include a similar transfer, made through the instrumentality of a

general assignment, produced by the stress of the insolvent debtors circumstances. The object is practically the same in each instance, and the law which has been so construed as to sustain the one, cannot properly be held to defeat the other. In *Goodman* v. *Niblock* (MSS. opinion of MILLER, J.) this precise point seems to have been considered by the Supreme Court of the United States, and it was there held that such an assignment was not within the restraint of these provisions of the statute, and that a transfer, by means of it, of a claim against the United States government could still be lawfully made.

The conclusion reached by the learned referee, and which formed the basis of the direction given by him for the dismissal of the complaint cannot, therefore, be sustained, and because of this misapprehension the judgment in the case should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.